United States District Court
Northern District of Indiana
Fort Wayne Division                                              Case No. 1:20-cv-307

Stacy Albright and Mark Albright
Plaintiffs

–v–

Robert Coates, Spirit Logistics Inc.,
and Milbank Insurance Company,
d/b/a State Auto Insurance Companies
Defendants

# Notice of Removal

Robert Coates and Spirit Logistics, Inc., with the consent of co-Defendant Milbank Insurance Company, d/b/a State Auto Insurance Companies,[1] remove this matter from the Allen Superior Court to this Court under 28 U.S.C. § 1441, *et seq*. In support of removal, the Defendants show the court that:

### Background

01  Stacy Albright and Mark Albright sued the removing Defendants in negligence in the Allen Superior Court, where their lawsuit was assigned cause no. 02D03-2008-CT-000390.

02  In their lawsuit, filed August 6, 2020, the Albrights say that Stacy was involved in a traffic accident with Robert Coates, as the latter drove a semi for Spirit Logistics. The accident occurred in Allen County, Indiana. The Albrights seek damages for the injuries they attribute to the traffic accident.

03  The Albrights also sued their own automobile insurer, Milbank Insur-

---

[1] 28 U.S.C. §1446(b)(2)(a). See Exhibit A.

⑴ ance Company, d/b/a State Auto Insurance Companies, for underinsured-motorist coverage.

⑷ Copies of the Albrights' complaint and the pleadings and process served on the removing Defendants are attached as Exhibit B.[2]

### Citizenship

⑸ The Albrights are Allen County, Indiana, residents and Indiana citizens.

⑹ Spirit Logistics, Inc. is an Illinois corporation with a principal place of business in Lyons, Illinois. It is an Illinois citizen.

⑺ Robert Coates is a resident of Minooka, Illinois, and is an Illinois citizen.

⑻ Milbank Insurance Company, d/b/a State Auto Insurance Companies, is an Ohio corporation with its principal place of business in Columbus, Ohio. It is an Ohio citizen.

⑼ This is an action between citizens of different states, with complete diversity on both sides of the "v."[3]

### Amount in Controversy

⑽ But does the amount in controversy exceed $75,000, excluding interest and costs?[4] The complaint doesn't identify the amount in controversy; Indiana law forbids specifying the damages sought in personal-injury suits.[5] And the Albrights didn't issue a pre-suit settlement demand for a

---

[2] 28 U.S.C. § 1446(a).

[3] 28 U.S.C. § 1332.

[4] 28 U.S.C. § 1332(a).

[5] Ind. T.R. 8(A)(2) ("[I]n any complaint seeking damages for personal injury or death, or seeking punitive damages, no dollar amount or figure shall be included in the demand").

⑩ sum certain, which could substitute for the lack of an *ad damnum* clause in a complaint.[6]

⑪ But the Albrights, through their counsel, notified the removing Defendants that Stacy had incurred $22,308.67 in medical expenses attributable to the Defendants' negligence, and provided a physician's report indicating that Stacy suffered a fracture to her thoracic spine and several bulging vertebral discs in her cervical spine. The physician concluded that Stacy qualified for a "6% Whole Person Impairment," which he attributed to the traffic accident.

⑫ Based on the information conveyed by the Albrights' counsel, the removing Defendants estimate, in good-faith,[7] that the amount in controversy exceeds $75,000, excluding interest and costs.

To Sum Up

⑬ Because the parties are diverse, and the amount in controversy exceeds $75,000, this Court has original jurisdiction[8] and this action may be removed to this Court.[9]

---

[6] Where the complaint lacks an *ad damnum* clause, a pre-suit settlement demand constitutes the amount "in controversy" for diversity jurisdiction. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

[7] In general, the proponent of jurisdiction has the burden of showing, by a preponderance of the evidence, facts that suggest the amount in controversy is met. *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006). That is easier said than done when the plaintiff doesn't want to be in federal court and provides little information about the value of their claims. *Id*. In such cases, "a [defendant's] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id*.

[8] 28 U.S.C. § 1332.

[9] 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

⑭    Venue is proper in the Northern District, Fort Wayne Division, as the events leading to the incident that the Albrights complain about occurred in Allen County, Indiana.[10]

⑮    The Defendants served a notice of removal, with a copy of this removal notice, upon the Albrights and have filed the notice of removal with the Allen Superior Court.

Dated: August 28, 2020

/s/ J. Thomas Vetne
J. Thomas Vetne | 19606-64

**Jones Obenchain, LLP**
600 KeyBank Building
202 S. Michigan St.
Post Office Box 4577
South Bend, IN 46634-4577

574.233.1194 ext. 141 | 574.233.8957 fax

jtv@jonesobenchain.com

Robert Coates and Spirit Logistics, Inc.'s Attorney

---

[10] 28 u.s.c. § 94(a)(1).

## Certificate of Service

I certify that on August 28, 2020, I served this notice of removal on the following via email:

Mr. Tom Blackburn
Blackburn & Green
4203 W. Jefferson Blvd.
Fort Wayne, IN 46804
*tblackburn@blackburnandgreen.com*

Plaintiffs' Attorney

Mr. Robert F. Ahlgrim, Jr.
State Auto Insurance House
 Counsel
Suite 205
12900 N. Meridian St.
Carmel, IN 46032
*efile.indianapolis.law@sa-trial.com*
*robert.ahlgrim@sa-trial.com*

Milbank's Attorney

/s/ J. Thomas Vetne
J. Thomas Vetne | 19606-64